

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

BWB:NR
F.#2011R00693

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

May 24, 2012

By Hand Delivery and ECF
The Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   United States v. Javier Molina
            Criminal Docket No. 11-335 (BMC)

Dear Judge Cogan:

      On December 1, 2011, the defendant Javier Molina pleaded guilty to both counts of an indictment charging the defendant with conspiring to possess more than one kilogram of heroin with the intent to distribute and with attempting to possess more than one kilogram of heroin with the intent to distribute, in violation of Title 21, United States Code, Sections 841 and 846. The defendant is scheduled to be sentenced by Your Honor on May 31, 2012.

I.    The Presentence Investigation Report

      On February 15, 2012, the Probation Department issued a Presentence Investigation Report ("PSR"), followed by an addendum to the PSR on March 7, 2012, a second addendum on April 2, 2012[1] and a third addendum dated May 22, 2012. The PSR and three addenda indicate that the defendant's total offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") is level 31, his criminal history category is I and his Guidelines range is 108 to 135 months in custody. The defendant and the government are in agreement with the Probation Department's Guidelines calculation. The parties are similarly in agreement that the defendant has satisfied the "safety valve" requirements. Accordingly, pursuant to 18 U.S.C. § 3553(f), the

---

    [1]  This addendum was released to the parties on April 2, 2012, although it bears the date March 7, 2012.

defendant is not subject to the ten-year statutory mandatory minimum sentence that would otherwise apply.

By memorandum dated May 17, 2012 ("Def. Memo."), the defendant requests that the Court impose a sentence of time served. The defendant has been incarcerated since the day of his arrest on April 12, 2011. The defendant contends that this extreme departure from the advisory Guidelines sentence is warranted based on a consideration of the sentencing factors set out in 18 U.S.C. § 3553(a).[2]

II. The 18 U.S.C. § 3553(a) Factors

The defendant does not identify any one particular sentencing factor as the basis for his request for a non-Guidelines sentence. Instead, he contends that the Section 3553(a) factors, taken as a whole, should lead the Court to impose a sentence of time served and five years of supervised release. Def. Memo. at 6. This position is without merit.

As an initial matter, the defendant acknowledges that he bears responsibility for 13.7 kilograms of heroin. Def. Memo at 2. This is a substantial amount of narcotics. By way of illustration, Section 2D1.1 of the Guidelines reflects 14 distinct offense levels related to heroin. These 14 offense levels are based on the weight of heroin for which a defendant is held responsible and range from an offense level of 12 (where the defendant is responsible for less than 5 grams of heroin) to an offense level of 38 (where the defendant is responsible for 30 kilograms or more of heroin). U.S.S.G. §§ 2D1.1(c)(1) - 2D1.1(c)(14). The defendant's responsibility for 13.7 kilograms of heroin places him in the second highest offense level available under Section 2D1. 1 – an offense of level of 36. U.S.S.G. § 2D1.1(c)(2).

This offense level calculation belies the defendant's suggestion that there would be no sentencing disparity issue if he were sentenced to time served as "[t]ime served is a very common sentence for defendants convicted on low-level distribution matters." Def. Memo. at 5. The defendant was

---

[2] The defendant raised a number of objections to the PSR in a letter to the Probation Department dated March 15, 2012. As noted in the defendant's Sentencing Memorandum, the defendant has voluntarily withdrawn some of those objections and specifically incorporated those that remain in his Sentencing Memorandum. See Def. Memo. at 1, n.1. Accordingly, the government has not addressed the initial objections to the PSR that were withdrawn.

arrested as part of a narcotics conspiracy whose members had, in a span of a few weeks, put together more than $200,000 in cash to purchase multiple kilograms of heroin.[3]  Further, Molina had an integral role in connecting the buyer of the heroin, co-defendant Heriberto Ruiz, with co-defendant Daniel Seminario, the individual who was negotiating with the putative supplier to purchase multiple kilograms of heroin.  As such, the instant offense cannot be described as "low-level" in any sense of that term.

Nor should the defendant be credited for the fact that "[t]here is no evidence that Mr. Molina imported heroin into the United States or that the amount of heroin that was sold to users was increased, in any way, by Mr. Molina's conduct."  Def. Memo at 4.  As an initial matter, the criminal laws of the United States recognize importation of narcotics as a distinct crime from possessing (or attempting to possess) narcotics with the intent to distribute those narcotics.  The fact that Molina did not also import narcotics or, for that matter, commit some other serious crime, does not diminish the gravity of the crimes to which he pleaded guilty.

Similarly, the idea that Molina's conduct had a "limited impact" because he did not increase the amount of heroin that was "sold to users" and because he "simply redirected heroin that was already in the United States in a new direction," id., does not merit any reduction in the defendant's sentence.  To credit this argument would be to suggest that individuals (i) who buy and sell narcotics in large quantities domestically so that it can be distributed on the streets of local communities, (ii) who create the very demand that allows narcotics importers to exist, and (iii) who profit from these transactions are somehow less culpable then their suppliers.  This is contrary to the law and to common sense.  Moreover, while perhaps as the defendant suggests, his conduct was connected to a very small percentage of the supply of heroin in the United States, the multiple kilograms he was seeking to purchase would have undoubtedly had a very real and disturbing impact on the community in which he and his criminal associates sought to sell it.

Molina also points to the negative impact this crime has had upon his family.  He further notes that he serves a lay minister to a Christian congregation at the Metropolitan

---

[3]  The defendant and his co-defendants planned for approximately three weeks to make the heroin purchase that resulted in the charges in this case.  However, the defendant and his co-defendants had conducted prior narcotics transactions together as early as 2010.

Detention Center and has submitted a number of supportive letters from members of his former church who have come to know the defendant during the past three years. Def. Memo at 4. The government does not doubt the sincerity of the individuals who submitted letters of support for the defendant. Yet for at least part of the time that Molina was involved as an active member of his church, he was involved narcotics transactions with Seminario and Ruiz.[4] Moreover, the instant offense conduct reflects an escalation of the defendant's criminal conduct, as this transaction was significantly larger than his prior drug deals with his co-conspirators. The defendant's willingness to repeatedly engage in narcotics sales suggests that the instant offense was not an anomalous occurrence and, accordingly, that the defendant's personal history and characteristics do not warrant the imposition of a non-Guidelines sentence.

III. Conclusion

For the reasons expressed above, the government submits that a sentence within the recommended Guidelines range is appropriate to reflect the § 3553(a) factors. More particularly, a sentence within the Guidelines range would serve to reflect the seriousness of this offense, provide adequate deterrence to the defendant from entering into further criminal conduct and more generally promote respect for the law. See 18 U.S.C. § 3553(a).

                                Respectfully submitted,

                                LORETTA E. LYNCH
                                United States Attorney

By:    /s/
        Nathan Reilly
        Assistant U.S. Attorney
        (718) 254-6196

cc: Scott Fenstermaker, Esq. (By ECF)

---

[4] During the course of his safety valve proffer, the defendant acknowledged participating in prior heroin sales with Seminario and Ruiz involving 600 grams, 1800 grams and 1300 grams of heroin, respectively.